

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00009-CR

BERNARD DALE KELLY, JR., Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27407

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

An appeal was timely filed from Bernard Dale Kelly, Jr.'s, conviction by a jury of aggravated assault with a deadly weapon. Kelly's counsel discovered the omission of hearing transcripts from the reporter's record, which the docket sheet reflected were held on January 23, 2012, and September 19, 2012. On July 30, 2013, Kelly's counsel filed an unopposed motion for abatement seeking findings relating to the reporter's record.[1]

Court reporter Kelly Bryant was eventually able to locate information suggesting that the September 19 hearing had occurred after orally representing to this Court that the hearing had not occurred. With respect to the January 23 transcript, we received a letter from Bryant on August 5, 2013, stating, "I have spent several hours searching and researching my records on that date and I don't have anything in my steno notes or my back up steno notes regarding this case." Concluding that the "state of the record [was] confused," we abated the case to the trial court on August 7, 2013, to conduct an evidentiary hearing within twenty days to determine matters designed to sort out the confusion.

Kelly's counsel has since "obtained a copy of the September 19, 2012 Reporter's Record," and "has concluded that there was no hearing on the record on January 23, 2012." Accordingly, Kelly filed a motion to rescind the abatement order and "withdraw his July 30, 2013 motion to abate."

---

[1]An unopposed motion to supplement the record and reset the briefing timetable was filed on July 12, 2013.

We, therefore, lift the abatement and order the clerk to reinstate the appeal on the docket of the Court.[2]

IT IS SO ORDERED.

BY THE COURT

Date:  August 27, 2013

---

[2]Because we rescind the abatement order, withdrawal of the motion to abate is unnecessary, and that portion of Kelly's motion is overruled.